UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONYAL CODY (CDCR # C78600),<br><br>    Petitioner,<br><br>    v.<br><br>R.J. GROUNDS, warden,<br><br>    Respondent.<br>_____/ | No. C 12-2603 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Conyal Cody, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the Board of Parole Hearings ("BPH") decision finding him not suitable for parole. For the reasons discussed below, the petition will be summarily dismissed.

## BACKGROUND

Cody was convicted in 1983 in San Diego County Superior Court of one count of kidnapping for purposes of robbery while armed with a firearm; two counts of rape in concert while armed with a firearm, two counts of oral copulation in concert while armed with a firearm, one count of kidnapping while armed with a firearm; one count of attempted robbery while armed with a firearm; one count of robbery while armed with a firearm, and two counts of kidnapping while armed with a firearm. For these offenses, he is currently in prison serving a

sentence of life imprisonment plus one year, and a consecutive 35-year, eight month prison sentence.

A parole hearing was conducted for Cody on June 24, 2010. At the conclusion of the hearing, the BPH panel found Cody not suitable for parole. The BPH also determined that the denial of parole would be a "seven-year denial," RT 53, meaning that Cody will not have a regularly scheduled parole suitability hearing until 2017.

Cody filed habeas petitions in state court to challenge the BPH's decision. The last reasoned state court opinion is from the California Court of Appeal. *See* Petition, Ex. 4. After the California Supreme Court denied his petition, Cody then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his federal petition, Cody asserts several claims. First, he asserts a due process challenge to the sufficiency of the evidence to support the BPH's decision. Second, he asserts a number of challenges to the interpretation and application of state law provisions to him. Third, he asserts an Ex Post Facto Clause challenge to Marsy's Law, the law used to defer his next parole hearing for seven years. As will be explained below, none of the claims supports habeas relief for Cody. Therefore, the petition will be dismissed without need for further briefing by respondent or petitioner.

A. <u>Due Process Claim - Sufficiency Of The Evidence</u>

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) The court may not grant habeas relief for state law errors. *Id.*

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See id.* at 862. Cody does not dispute that he received those two procedural protections (and the record before this court plainly shows that he did receive them). The *Cooke* Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise. In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, the due process claim must be rejected. The California Court of Appeal's rejection of Cody's due process challenge was not contrary to or an unreasonable application of Supreme Court precedent.

B. <u>State Law Claims</u>

In his petition, Cody makes several arguments about violations of state law, the way state law should be interpreted and the way state law was or should have been applied. Most of the arguments pertain to his state statutory right not to admit guilt. The state law claims are dismissed as they do not amount to violations of Cody's rights under the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). Federal habeas relief is

3

unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. at 861-62.

C.     Ex Post Facto Claim

In 2008, the California voters approved Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which modified the availability and frequency of parole hearings. As amended by Proposition 9, California Penal Code § 3041.5 now provides that the BPH will hear each case every 15 years unless it opts to schedule the next hearing in three, five, seven or ten years. The most significant changes resulting from the Proposition 9 amendments are that the minimum deferral period is increased from one year to three years, the maximum deferral period is increased from five years to fifteen years, and the default deferral period is changed from one year to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011). But Proposition 9 also amended the law governing parole deferral periods by authorizing the BPH to advance a hearing date. The BPH "may exercise its discretion to hold an advance hearing *sua sponte* or at the request of a prisoner." *Id.[1]* The question presented by Cody's habeas petition is

---

[1] In *In re. Vicks*, 125 Cal. Rptr. 3d 627 (Cal. Ct. App. 2011), a California Court of Appeal held that the Proposition 9 amendments to the California Penal Code § 3041.5 may not be applied to inmates whose crimes predated the effective date of the amendments because doing so would violate the Ex Post Facto Clause. Most significantly for present purposes, *Vicks* concluded that the possibility of an advance hearing was extremely limited under the amended version of § 3041.5 as the prisoner was expressly barred from seeking such a hearing for three years after the denial of parole at a regularly scheduled hearing. *See Vicks*, 125 Cal. Rptr. 3d at 645-46 & n.19. Other California appellate courts have reached the opposite conclusion. For example, in *In re Aragon*, 126 Cal. Rptr. 3d 286, 299 (Cal. Ct. App. 2011), a California Court of Appeal disagreed with *Vicks'* reading of § 3041.5, and concluded that the statute did not impose a 3-year prohibition on inmates petitioning for an advance hearing following the denial of parole at a regularly scheduled suitability hearing. Neither *Vicks* nor *Aragon* has any precedential value, however, because petitions for review were granted in both cases, and the California Supreme Court is now considering the ex post facto question. *See In re. Vicks*, 255 P.3d 952 (Cal. 2011) (granting review); *In re. Aragon*, 260 P.3d 282 (Cal. 2011) (granting review and deferring briefing pending consideration and disposition of *Vicks*). "[An] opinion is no longer considered published if the Supreme Court grants review," and such an unpublished opinion "must not be cited or relied on by a court or a party in any other action." Cal. Rules of Court 8.1105(e)(1), 8.1115(a). Regardless of its publication status, *Vicks* is of little use to this court because it rejected *Gilman*'s analysis, *see* 125 Cal. Rptr. 3d at 648 n.12, which this court is not free to do.

4

whether use of the amended version of § 3041.5 violated his right to be free from ex post facto laws.

The United States Constitution prohibits the States from passing any "ex post facto Law." U.S. Const., art. I, § 10, cl. 1. The Ex Post Facto Clause prohibits the government from enacting laws with certain retroactive effects, including laws that change the punishment and inflict greater punishment for the crime than the punishment authorized by law when the crime was committed. *See Stogner v. California*, 539 U.S. 607, 611-12 (2003); *Calder v. Bull*, 3 Dall. 386 (1798).

Changes in parole laws for those who have already committed their crimes may violate the Ex Post Facto Clause, but not every such change does. A change in the substantive law[2] is more likely to run afoul of the Clause than a change in procedure (such as Proposition 9's changes to § 3041.5), but labeling it a procedural change is not enough to exclude it from the reach of the Ex Post Facto Clause.

> Although retroactive changes in laws governing parole of inmates *may* violate the *Ex Post Facto* Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." [*Garner v. Jones*, 529 U.S. 244, 250 (2000)]. A retroactive procedural change violates the *Ex Post Facto* Clause when it "creates a *significant risk* of prolonging [an inmate's] incarceration." *Id.* at 251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a violation of the *Ex Post Facto* Clause. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995).

*Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106 (9th Cir. 2011) (first brackets added; parallel citations omitted).

In *Gilman*, the Ninth Circuit observed that the plaintiffs could not succeed on the merits

---

[2]For example, the Ex Post Facto Clause forbids the states from enhancing the measure of punishment by significantly reducing a prisoner's opportunity to shorten his prison term by altering the "substantive formula" used to calculate parole eligibility or suitability, *see Weaver v. Maass*, 53 F.3d 956, 959, 960 n.5 (9th Cir. 1995); *Nulph v. Faatz*, 27 F.3d 451, 455-56 (9th Cir. 1994), or by retroactively canceling prison credits which entitle a prisoner to an early release, *Lynce v. Mathis*, 519 U.S. 433, 455-56 (1997) (retroactive alteration of early release provisions implicates Ex Post Facto Clause because such credits are one determinant of prison term and prisoner's effective sentence is altered once this determinate is changed); *Hunter v. Ayers*, 336 F.3d 1007, 1013 (9th Cir. 2003) (violation of Ex Post Facto Clause to apply disadvantageous regulation regarding restoration of good time credits which only became effective after disciplinary decision).

of their ex post facto challenge to Proposition 9 unless (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) the plaintiffs can demonstrate, by evidence drawn from Proposition 9's practical implementation, that its retroactive application will result in a longer period of incarceration than under the prior law. *Gilman*, 638 F.3d at 1107 (quoting *Garner v. Jones*, 529 U.S. 244, 255 (2000)).[3] The court noted that the changes required by Proposition 9 appeared to create a significant risk of prolonging the plaintiffs' incarceration, but concluded that the availability of advance hearings to the board precluded relief because such availability sufficiently reduced the risk of increased punishment for prisoners under the standard set out in *Garner*. *See Gilman*, 638 F.3d at 1108-11.

Cody fails to show that the amended version of § 3041.5 violated his rights under the Ex Post Facto Clause. Section 3041.5 of the California Penal Code was amended after Cody committed his crime, so the amended version of that statute is being applied retroactively as to him. A petitioner cannot obtain habeas relief unless he shows that the retroactively applied statute creates a *significant risk* of prolonging his incarceration. This Cody has not done. As *Gilman* explained, even though the frequency of the scheduled hearings is decreased, the availability of advance hearings "'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing." *Gilman*, 638 F.3d at 1109 (quoting *Morales*, 514 U.S. at 513). Section 3041.5 does not, on its face, violate the Ex Post Facto Clause. And Cody has not made any showing that § 3041.5 violates the Ex Post Facto Clause as it has been implemented in general or applied to him in particular. Cody is not entitled to relief on his Ex Post Facto Clause claim.

---

[3] *Gilman* was a civil rights class action under 42 U.S.C. § 1983 rather than a habeas action, and the Ninth Circuit's decision was on an appeal from an order granting a preliminary injunction in favor of the plaintiff-prisoner class. Even with these attributes, *Gilman* guides this court's analysis of the habeas petition.

D. <u>Certificate of Appealability Denied</u>

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

The petition for writ of habeas corpus is dismissed.

The clerk will close the file.

IT IS SO ORDERED.

DATED: July 19, 2012

                                      SUSAN ILLSTON
                                      United States District Judge